IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY MARK McCARTHA, #236602, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv891-WHA |
| ) | (WO) |
| J. C. GILES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Tony Mark McCartha ("McCartha") on September 27, 2012.[1]  Doc. No. 1.[2]  McCartha presents claims challenging the constitutionality of his 2004 convictions in the Russell County Circuit Court on two counts of first degree sodomy.  The respondents maintain that McCartha's petition is time-barred by the one year federal limitation period applicable to § 2254 petitions.  *See* 28 U.S.C. § 2244(d). Upon review of

---

[1] Although McCartha's petition was date-stamped as received in this court on October 11, 2012, he signed the petition on September 27, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [McCartha] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers September 27, 2012 as the date of filing.

[2] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that McCartha's petition should be denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### State Court Proceedings

Exhibits submitted by the respondents reflect that on April 21, 2004, a Russell County jury found McCartha guilty of two counts of first degree sodomy, in violation of § 13A-6-63, Ala. Code 1975. On August 19, 2004, the trial court sentenced McCartha to 25 years in prison on each count, with the terms to run consecutively.

McCartha appealed and, on November 18, 2005, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by unpublished memorandum opinion. Resp'ts Ex. A. McCartha applied for rehearing, which was overruled on December 18, 2005. Resp'ts Ex. B at 56. McCartha filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 10, 2006. Resp'ts Ex. A-1. On that same date, a certificate of judgment was issued. *Id*. McCartha did not seek certiorari review with the United States Supreme Court.

On February 12, 2007, McCartha filed a petition for post-conviction relief under Ala.R.Crim.P. 32 in the trial court. Resp'ts Ex. B. McCartha was represented by counsel in the Rule 32 proceeding. On August 30, 2007, the trial court denied McCartha's Rule 32 petition. *Id*. at 70. McCartha did not file a timely appeal from that denial.

On June 25, 2009, McCartha, proceeding *pro se*, filed a second Rule 32 petition in the trial court, claiming, among other things, that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition because his Rule 32 counsel in that proceeding had neglected to inform him of the trial court's order denying that petition. Resp'ts Ex. C. The trial court denied McCartha's second Rule 32 petition on November 25, 2009. *Id*. at 70-71. McCartha appealed that decision. On May 14, 2010, the Alabama Court of Criminal Appeals

3

remanded the case for the trial court to determine whether McCartha was entitled to an out-of-time appeal from the denial of his first Rule 32 petition. *See* Resp't's Ex. C-1 at 4. After initially denying McCartha's request, and after a second remand by the Alabama Court of Criminal Appeals, the trial court granted McCartha's request for an out-of-time appeal from the denial of his first Rule 32 petition but reaffirmed its denial of all other claims in his second Rule 32 petition on January 4, 2011. *Id.* On March 25, 2011, the Alabama Court of Criminal Appeals affirmed the trial court's judgment regarding McCartha's second Rule 32 petition. *Id.* McCartha applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on August 5, 2011. Resp't's Ex. C-2. On that same date, a certificate of judgment was issued. *Id.*

In the proceedings relating to the out-of-time appeal granted as to McCartha's first Rule 32 petition, the Alabama Court of Criminal Appeals, by unpublished memorandum opinion issued on December 2, 2011, affirmed the trial court's judgment denying the first Rule 32 petition. Resp't's Ex. B-1. McCartha's application for rehearing was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 17, 2012. Resp't's Ex. B-2. A certificate of judgment was issued on that same date. *Id.*

## Application of Federal Limitation Period

As noted above, the Alabama Supreme Court issued the certificate of judgment in McCartha's direct appeal on February 10, 2006. For purposes of federal habeas review, McCartha's conviction became final on May 11, 2006 – i.e., 90 days after the state court's

issuance of the certificate of judgment, as that is the date on which the time expired for filing a petition for writ of certiorari with the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003); *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).  Thus, McCartha's conviction became final on May 11, 2006, and the one year limitation period in 28 U.S.C. § 2244(d)(1)(A) began to run on that date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See* 28 U.S.C. § 2244(d)(2); *Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001).  McCartha filed his first state Rule 32 petition on February 12, 2007, tolling the limitation period according to § 2244(d)(2). At that time, the one year limitation period had run for 277 days.  The Rule 32 petition was denied on August 30, 2007, and McCartha did not file a timely appeal from the denial.  Because no appeal was filed, the federal limitation period began to run again 42 days later – i.e., on October 11, 2007 – the time within which McCartha had to timely appeal from the denial of the Rule 32 petition. *See* Ala.R.App.P.

5

4(b). At that point, McCartha had until January 7, 2008, absent any further tolling, to file a timely § 2254 petition in this court.[3] No tolling events took place during that period; thus, the federal limitation expired on January 7, 2008.

Although McCartha filed a second Rule 32 petition on June 25, 2009, that filing, in which he claimed among other things that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition, occurred long after the January 7, 2008, expiration of the federal limitation period. Consequently, that filing had no tolling effect under § 2244(d)(2). Although the second Rule 32 petition was successful in obtaining McCartha an out-of-time appeal from the denial of his first Rule 32 petition, there was no "properly filed" state post-conviction petition pending in the state courts between October 11, 2007, and June 25, 2009. The federal limitation period, as noted, expired on January 7, 2008. *See McMillan v. Sec'y Dep't of Corr.*, 257 Fed.App'x 249, 252-53 (11th Cir. 2007) (even where an out-of-time appeal from denial of first post-conviction petition was ultimately granted, tolling under § 2244(d)(2) did not apply to the period between the date the time to appeal from denial of first post-conviction petition expired and the date of filing of a petition for out-of-time appeal from the denial of that first petition). *See also Hancock v. Estes*, 2014 WL 3898085, at *5 (S.D. Ala. Aug. 11, 2014) (citing *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Eleventh Circuit precedent is clear that motions for a belated state court appeal filed

---

[3] This date is calculated as follows. Two hundred and seventy-seven days of the federal limitation period had run when McCartha's first Rule 32 petition was filed tolling the limitation period, leaving eighty-eight non-tolled days within which to file a § 2254 petition. The eighty-eighth day after October 11, 2007, was January 7, 2008.

outside of the AEDPA limitations period, even if ultimately granted, do not serve to revive an expired AEDPA limitations period.").

Here, McCartha filed his § 2254 petition with this court on September 27, 2012. Because the limitation period in § 2244(d) expired on January 7, 2008, his petition is untimely.[4]

Even if this court were to find that McCartha is entitled to tolling of all time between the February 12, 2007, filing of his first Rule 32 petition, and the Alabama Supreme Court's February 17, 2012, issuance of a certificate of judgment in the appellate proceedings that ensued after McCartha was granted an out-of-time appeal from the denial of the first Rule 32 petition, McCartha's § 2254 petition would nevertheless be untimely. Assuming that McCartha had 88 days remaining within which to file a timely § 2254 petition when the state court issued the certificate of judgment on February 17, 2012, McCartha had to file his § 2254 petition by May 15, 2012, for the petition to be considered timely under § 2244(d). Instead, he filed his § 2254 petition on September 27, 2012 – 135 days after May 15, 2012.

---

[4] The provisions of § 2244(d)(1)(B) - (D) do not provide safe harbor for McCartha such that the federal limitation period commenced on some date other than May 11, 2006. There is no evidence that any unconstitutional or illegal State action impeded McCartha from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). McCartha presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). McCartha also fails to set forth facts that demonstrate the existence of "extraordinary circumstances" and his exercise of due diligence to warrant equitable tolling of the limitation period in his case. *See Holland v. Fla.*, 560 U.S. 631 (2010); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) ("The burden of establishing entitlement to [equitable tolling] plainly rests with the petitioner.").

7

Thus, even if McCartha is allowed extensive tolling, his § 2254 petition is untimely.[5]

## Claim of "Actual Innocence"

As grounds for avoiding application of the federal time bar in his case, McCartha asserts that he is actually innocent of the offenses of which he was convicted. *See* Doc. No. 1 at 13-14; Doc. No. 2 at 5-9; Doc. No. 9. Demonstrated actual innocence may trump a time bar in habeas proceedings and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed. *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Depat. of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In asserting his actual innocence, McCartha presents affidavits from five individuals: his wife Mary,[6] Tarvis Huguley, June Mann, Lisa Hall, and "Steven M."[7] Doc. No. 2 at 40-48. In her affidavit, Mary complains that McCartha's trial counsel did not call any defense witnesses whom she and McCartha had told to him to call; she says that such witnesses could have testified that McCartha was alone with the two minor victims on only one brief

---

[5] The state court proceedings on McCartha's second Rule 32 petition concluded on August 5, 2011, well before the Alabama Supreme Court's February 17, 2012, issuance of its certificate of judgment in the appellate proceedings after McCartha was granted an out-of-time appeal from the denial of his first Rule 32 petition. Thus, the state court proceedings on the second Rule 32 petition would not have tolled the federal limitation period beyond the time that any proceedings on the first Rule 32 petition tolled the limitation period under the scenario in which McCartha is allowed extensive tolling.

[6] To avoid confusion, the court refers to Mary McCartha by her first name only.

[7] To protect the identity of the minor victims, the court refers to this affiant by his first name and last-name initial only.

occasion, in a car parked in a public place. *Id*. at 41-42. Her affidavit also alleges that the victims' mother told Tarvis Huguley that her husband, "Steven M," was the person who actually committed the offenses against the victims. *Id*. at 42. Her affidavit also alleges that, after McCartha's trial, "Steven M" told her granddaughter, June Mann, that he was the person who committed the crimes. *Id*.

Tarvis Huguley avers in his affidavit that the victim's mother stated that her husband, "Steven M," was the one who hurt the victims by having sex with them. *Id*. at 40.

In her affidavit, June Mann avers that, after McCartha's trial, "Steven M" told her that he was the one who committed the offenses against the victims. *Id*. at 48.

Lisa Hall avers in her affidavit that, had McCartha's trial counsel called her to testify, she would have testified that the victims' mother told her that she knew McCartha did not hurt the victims and that McCartha was never alone with the victims. *Id*. at 43. Hall further maintains that witnesses existed at the time of McCartha's trial who could have testified that "Steven M" had admitted to committing the crimes McCartha was charged with committing. *Id*.

"Steven M" avers in his affidavit that McCartha could not have committed the offenses against the victims, who were "Steven M's" sons, because McCartha was alone with the victims on only one occasion, in a car parked in a public place. *Id*. at 45. However, "Steven M" does not state that he, not McCartha, committed the offenses. Nor does he endorse the assertions by other affiants that he told June Mann that he, not McCartha, committed the offenses.

9

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, some of the matters referenced in the affidavits submitted by McCartha – particularly the failure of McCartha's trial counsel to present testimony from witnesses who supposedly would have testified that McCartha was alone with the victims on only one brief occasion – were known to McCartha at the time of trial. Therefore, such evidence is not

10

new. The Eleventh Circuit has not directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*. *See Rozzelle*, 672 F.3d at 1018 n.21 (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* so long as it was not presented at trial). In any event, even if McCartha's known-but-not-presented exculpatory evidence is considered "new" evidence under *Schlup*, that evidence, when combined with the other matters asserted by the affiants in their affidavits, was not of the sort that would have enabled McCartha to carry his heavy burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See Schlup*, 513 U.S. at 327.

Had the affiants testified at trial to the matters asserted in their affidavits, the jury could weigh and assess the credibility of such testimony against the substantial evidence of McCartha's guilt that was presented by the State. Such testimony, if presented, would have amounted to nothing more than impeachment evidence to challenge the credibility of the witnesses who testified for the State. The jury would also have been left to consider the reliability of the testimony of the uncalled witnesses that McCartha (a relative of the victims) was alone with the victims on only one brief occasion. Only one of the affiants, June Mann, avers that "Steven M" told her directly that he, and not McCartha, had committed the crimes. Significantly, in his affidavit, "Steven M" does not admit to having committed the crimes, and he does not acknowledge having told anyone else that he, and not McCartha, committed

the crimes. The absence of such an admission or acknowledgment in "Steven M's" affidavit undercuts the reliability of assertions by other affiants that "Steven M" told them he was guilty, or that someone else told them that "Steven M" had stated that he, and not McCartha, was guilty.

Perhaps a jury would credit the exculpatory testimony of McCartha's uncalled witnesses, or perhaps it would not. In either event, such exculpatory testimony is not so ironclad in its reliability and probative value that it satisfies the criteria for actual innocence. McCartha has failed to convince the court that it is more likely than not that no reasonable juror would have found him guilty in light of the alleged new evidence. *Schlup*, 513 U.S. at 327. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). McCartha's is not such a case. Therefore, he is not entitled to the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 relief be denied and this case be dismissed with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any

objections to this Recommendation on or before October 8, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE